

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:05-CR-13(1)** |
| | § | |
| **TIMOTHY MONTGOMERY** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States

alleges that Defendant, Timothy Montgomery, violated conditions of supervised release imposed

by United States District Judge Thad Heartfield. The United States Probation Office filed its *First*

*Amended Petition for Warrant or Summons for Offender Under Supervision* requesting the

revocation of Defendant's supervised release   The Court conducted a hearing on April 27, 2011,

in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present

and represented by counsel at the hearing. Having heard the evidence, this court factually finds that

Defendant has violated conditions of supervision and recommends that such violation warrants the

revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On March 1, 2006, The Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of assaulting an employee of the United States, a Class D felony.   Judge Heartfield sentenced Montgomery to a term of 24 months imprisonment, followed by three years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, substance abuse testing, and a $100 special assessment.  On August 9, 2007, Timothy Montgomery completed his period of imprisonment and began service of the supervision term.

### B.  Allegations in Petition

The United States alleges that Defendant violated the following standard condition of

supervised release:

> *The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.*

Specifically, according to information submitted by Supervisory U.S. Probation Officer Darryl L. Hughes, District of Columbia, on January 12, 2008, law enforcement officers with the Metropolitan Police Department responded to a robbery. They were advised by two victims that Mr. Montgomery, along with three other black males, committed the offenses as noted above.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. If the case proceeded to a contested hearing, the Government would present evidence establishing that on January 12, 2008, law enforcement officers were advised by witnesses that Mr. Montgomery was seen with three other black males alleged to have committed robbery and several related crimes.

Defendant, Timothy Montgomery, offered a plea of true to the allegations. Specifically, Mr. Montgomery agreed with the evidence presented and pled true to the allegation that he associated with persons engaged in criminal activity in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a standard condition of his supervised release by associating with persons engaged in criminal activity.

If the Court finds that Montgomery violated his supervision conditions in this manner, this will constitute a Grade C violation under U.S. Sentencing Guidelines Manual, Section 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(a)(2). Based upon Mr. Montgomery's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from seven (7) to thirteen (13) months. *See* U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a). Because the original offense of conviction was a Class D felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).  Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.  See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions.  The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by associating with person engaged in criminal activity.  Mr. Montgomery knowingly and voluntarily pled true and agreed with the Court's recommended sentence for that violation.

The Court also finds that a sentence above the Guideline range suggested for a Grade C violation in Montgomery's case is appropriate in this case, and the parties agreed to this upward departure.  The Sentencing Guidelines suggest that a departure from the applicable range of imprisonment may be warranted when a defendant, subsequent to the federal sentence resulting in supervision, has been sentenced for an offense that is not the basis of the violation proceeding.  *See* U.S. SENTENCING GUIDELINES MANUAL § 7B1.4 cmt. n. 2 (2009).  Here, Mr. Montgomery has been convicted of additional crimes in the Superior Court for the District of Columbia after being sentenced in this matter, and he has not pled true on those new convictions and is not being revoked because of the alleged violations related to his new convictions.  It is undisputed that Montgomery is currently serving a term of imprisonment for convictions incurred after his release on the original sentence in this case.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States

Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant, Timothy Montgomery, to serve a term of **twenty-four (24) months imprisonment** on the revocation of his supervised release, with the recommendation that 12 months of this term of imprisonment run concurrently to the term of imprisonment the Defendant is currently serving in the Federal Bureau of Prisons,[2] and the remaining 12 months run consecutively to his current term of imprisonment. The Court finally recommends that the Defendant receive no further supervision term upon his release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

---

[2] Application Note 4 to U.S. SENTENCING GUIDELINES MANUAL § 7B1.3 suggests that "any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant."

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 28th day of April, 2011.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE